JOHN W. SPROULE *versus* CHANDLER R. MERRILL.

Where one brings a suit in the name of another person, the same defence may be made, as if he were a party to the record.

Any illegality in the transfer of a negotiable note, will vitiate the title of one, who was a party to the illegality.

ASSUMPSIT on a note of hand made by defendant to Edward Fernald, and payable to him or bearer on demand, and by said Fernald transferred.

Defendant offered evidence to prove that the note, at the commencement of the suit, and at the time of the trial, was the property of one *Amos Sproule,* a *deputy sheriff,* and the same person who served the writ in this action; that said Amos purchased the note of Fernald and paid for it, and

that said purchase was made for the purpose of making a profit to himself from the fees to arise from the service of said writ. The suit was brought in the name of the plaintiff by his consent.

The evidence offered was objected to by plaintiff, on the ground, that the facts offered to be proved, would not constitute a defence.

The cause was thereupon taken from the jury in the Court below, REDINGTON J. presiding, the parties agreeing, that if, in the opinion of the Court, the foregoing facts, if proved, would not constitute a legal defence, defendant should be defaulted ; but if the Court should be of opinion that the foregoing facts, if proved, would constitute a legal defence to the suit, then the action to stand for trial.

*Merrill,* for defendant. All the facts offered to be proved, are to be taken as established, and the first point in the case relates to the negotiation of the note. This was negotiated for an unlawful purpose and therefore was null and void. For all contracts, in violation of a positive law of the State, are null and void. No action can therefore be maintained upon the note in its present shape, unless in the name of the original payee. It never having been lawfully transferred, has not been transferred at all.

The purchase of this note by the plaintiff in interest, was in contravention of the R. S. c. 158, § 16, and it has been decided in Massachusetts, that no action can be maintained upon a contract which violates a similar statute in that Commonwealth. *Allen* v. *Hawkes*, 13 Pick. 79.

The purchase and negotiation of this note by Sproule was a *contract*, and liable to be impeached as such for any of those causes, which in law render a contract null and void ; such as illegality, fraud, incompetency of the contracting parties, &c. 3 Metc. 164 ; 25 Maine, 410 ; 8 Johns. 97.

We hold it to be a general and universal rule of law, that no contract or agreement, made in violation of any statute, can be enforced in a court of law. 17 Mass. 281 ; 14 Mass.

322; 15 Mass. 35 ; Cooper, 343 ; Chitty on Cont. 667, and cases there cited.

It has been held that where the statute inflicts a penalty for doing a thing, it implies a prohibition, although there are no prohibitory words. *Bartlett* v. *Vinor*, Carthew, 252.

In *Holman* v. *Johnson*, 3 Cowper, Lord Mansfield says, " no court will lend its aid to a man, who founds his cause of action upon an immoral or illegal contract." And the " test, whether a demand connected with an illegal transaction, is capable of being enforced at law, is whether the plaintiff requires any aid from the illegal transaction to establish his case." In the case at bar, the plaintiff requires aid from the illegal negotiation to establish his case, and hence cannot maintain it.

The case at bar is precisely parallel in principle to *Strong* v. *Thompson*, 8 Johns. 97, and must be governed by the same rules.

*Heath*, for plaintiff, argued, that the action is rightfully brought in the name of plaintiff. *Brigham* v. *Markam*, 7 Pick. 40 ; *Gage* v. *Kendall*, 15 Wend. 640.

The evidence offered in defence cannot prevail, unless by R. S. chap. 158, § 16. The thing prohibited by this section is, what took place between the present owner of the note in suit and the payee, with which defendant had no connexion or concern. The offence, against which the statute guarded, was committed the moment that agreement was perfected. The commencement of this suit might perhaps be used as evidence that the agreement was made to obtain fees and cost, but after all, the commencement of this suit is not the thing prohibited by the statute. If the statute had forbidden the prosecution of a suit upon a note so purchased, then the defence offered would be available. But the law only forbids the corrupt agreement, and that agreement is not before the Court.

But it is said, the plaintiff in interest rests upon a violation of law, for his property in the note in suit, and the Court will sanction that violation by rejecting the defence offered.

But what right has the defendant to look into transactions between other parties for a defence to his own paper, voluntarily put into circulation for a lawful consideration? He has received his pay for it. Suppose it true that the owner purchased the note for a corrupt purpose, that *purpose* is, after all, something extra the *purchase* itself. The plaintiff rests upon the fact that the paper has been negotiated. His right to appear as plaintiff is, that he is possessor of the paper which has been put into circulation. His title to maintain the suit does not rest, in any case, upon his designs when he buys marketable paper. The note in this case was transferable by delivery; there was nothing wrong in the transfer, but a supposed wrong in the person buying it.

The proposed defence strikes a death blow to the negotiability of paper, for it undertakes to transfer the taint of the party to the paper he holds.

The cases cited by defendant are entirely distinct from this, and wholly irrelevant. Those from Mass., N. H., and N. Y., are all actions upon contracts made against law. And the English cases, from which those are supported, are actions upon the prohibited contract. In 12 East, 304, Lord Ellenborough gives the substance of all the cases, and said it was a settled rule that when a contract, which is illegal, remains to be executed, the court will not assist either party. And in 5 Johns. 327, Thompson, J. says, no case can be found where an action has been sustained, which goes in affirmance of an illegal contract, and when the object of it is to enforce the performance of an engagement prohibited by law.

The cases cited from N. H. and Mass. are upon the contracts prohibited by the statutes of those States. But what have these cases to do with the decision of the present question. If this action was between plaintiff and the payee, the authorities cited would bear upon it, for the illegality in all these cases attached to the identical contract declared on. The plaintiff failed, because he asked the Court to help him to do what had been forbidden. The general rule seems to be, " that when the undertaking, upon which plaintiff relies, was either upon an un-

lawful consideration, or to do an unlawful act, the contract is void.

The note in suit was not given upon an unlawful considera-
tion, but is justly due from defendant.    It was transferred to
plaintiff by delivery ; he may have had a wrong *purpose* in
buying it, but how can the defendant set up that wrong, to jus-
tify the perpetration of a still greater one ?

The opinion of the Court was read at the ensuing December
term by

SHEPLEY, J. — The suit is upon a promissory note, payable
to Edward Fernald or bearer on demand, with interest, and
by him indorsed.    The defendant offered certain proof, and the
question presented is, whether if made, it would constitute a
good defence.

The case does not in terms state, that the purchase of the
note was made by Amos Sproule while he was a deputy sheriff,
and for the purpose prohibited in the statute, c. 158, § 16.
But as he is stated to have been such an officer without any
limitation of time, and to have made the purchase for the pur-
pose of making a profit from the fees for the service of the writ
in this case, the fair inference is, that the purchase was made,
while he was a deputy sheriff, and for that purpose ; and as
that fact will be open for proof on the trial, no injustice can be
done by making it for the purpose of presenting the question
for decision.

Amos Sproule must upon the testimony offered, be considered
as the party plaintiff in interest ; and the same defence may
be made, as if he were a party to the record.

The statute c. 158, § 16, among other provisions, declares,
that if any deputy sheriff shall give any valuable consideration,
with intent thereby to procure any account, note or other de-
mand, for the purpose of making a profit to himself from the
fees arising from the collection thereof by a suit at law, he
shall be punished by a fine not exceeding five hundred dollars,
nor less than twenty dollars.    Assuming that the testimony
offered would prove, that the party in interest being the real

plaintiff in the suit, though not the nominal one, had violated the provisions of this statute by becoming the owner of the note in suit, it is contended that this would not prevent his recovery, because the note was justly due from the defendant, for a legal and valuable consideration.  But in such case, any illegality in the transfer will vitiate the title of one, who derives it through a violation of law, to which he was a party; although one not a party to such violation of law and holding it *bona fide*, might recover it.  The doctrine is stated in Story on Promissory Notes, § 193, and the cases are collected in notes appended to that section.

This doctrine has in some of the decided cases been denied, while in others it has been admitted to be applicable to the usurious transfer of a note.  Whatever may be the true doctrine respecting usurious transfers, it does not prevent the operation of the rule in the case of a transfer absolutely prohibited or made penal by statute.

In such case the party obtains no title, which a court of justice will enforce.  *Strong* v. *Tompkins*, 8 Johns. 97.  If it were to do so, it would lend itself as an instrument to enable one to obtain the unlawful gains designed to be obtained by an act prohibited by law.

According to the agreement of the parties, the action is to stand for trial.